**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THOMAS BILLARD #448956** | **CIVIL ACTION** |
| **VERSUS** | **NO:  06-0816** |
| **WARDEN** | **SECTION: "S" (2)** |

<u>**ORDER AND REASONS**</u>

**IT IS HEREBY ORDERED** that the petition of Thomas Billard for writ of habeas

corpus, pursuant to 28 U.S.C. § 2254, is **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

Thomas Billard is incarcerated in the Elayn Hunt Correctional Center in St. Gabriel,

Louisiana, serving concurrent sentences of 50 years imprisonment after a jury found him guilty

of two counts of armed robbery.[1]  After exhausting state court remedies, Billard filed a federal

habeas corpus petition, pursuant to 28 U.S.C. § 2254, asserting the same claims he raised in his

state court application for post conviction relief:  1) illegal search and seizure, 2) defective bill of

---

[1]  The magistrate judge's report and recommendation includes the facts of the case as
summarized by the Louisiana Fifth Circuit Court of Appeal in <u>State v. Billard</u>, 852 So.2d 1069,
1071-72 (La.Ct.App. 2003).

information, 3) Batson[2] violations, 4) the State's use of perjured testimony, and 5) ineffective

assistance of counsel.  The magistrate judge recommended that the petition for federal habeas

corpus relief be dismissed.  Billard filed objections to the magistrate judge's report and

recommendation.

## II. DISCUSSION

Section 104(3) of the AEDPA, codified at 28 U.S.C.

§ 2254(d), provides the standards collateral federal review of state court convictions as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see Carter v. Johnson, 110 F.3d 1098, 1103 (5th Cir. 1997).  The first

subsection provides distinct standards of review for questions of law and mixed questions of law

and fact.  Pure questions of law are reviewed under the "contrary to" standard; mixed questions

of law and facts are reviewed under the "unreasonable application" standard.  Carter, 110 F.3d at

1103.  The second subsection provides the standard of review for questions of fact.  Id.

In order "to be entitled to habeas relief based on a constitutional trial error, [Billard] must

demonstrate not only that the state court's decision was contrary to or an unreasonable

---

[2]   Batson v. Kentucky, 106 S.Ct. 1712, 1719-20 (1986) prohibits the use of peremptory
challenges to exclude potential jurors on the basis of race.

application of clearly established federal law, but also that it was harmful under the standard set

forth in Brecht v. Abrahamson, 113 S.Ct. 1710 (1993)".  Cotton v. Cockrell, 343 F.3d 746, 752

(5th Cir. 2003).  "Under Brecht, a federal court may grant habeas relief on account of

constitutional error only if it determines that the constitutional error had a substantial and

injurious effect or influence in determining the jury's verdict."  Id. (internal quotation and

citation omitted).

**A.  Fourth Amendment and Batson claims procedurally barred**

Billard alleges that detectives violated his Fourth Amendment rights by searching and

seizing his belongings held in storage at a hotel where he had been staying, and that the State

improperly used its peremptory challenges to exclude African-American males from the jury in

violation of Batson.  The magistrate judge concluded that the claims are procedurally barred

because there exists an independent and adequate state procedural bar which prohibits federal

review of the search and seizure and Batson claims.  See Coleman v. Thompson, 111 S.Ct. 2546,

2555-56 (1991).  Specifically, the state court had dismissed the claims on procedural grounds

under La. Crim. Code art. 930.4(c), which provides for dismissal of a post-conviction application

if it raises a claim which could have been raised on direct appeal.  Further, Billard does not offer

any cause for the default that would excuse the procedural bar, and he has not established that a

fundamental miscarriage of justice will occur if the merits of his claim are not reviewed.  See

Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997).

Billard objects to the magistrate judge's determinations, asserting that he relied on

counsel to raise the claims on direct appeal.  He acknowledges that the law is clear that attorney

errors cannot constitute cause for default in state postconviction proceedings and that there was

no external factor that impeded counsel's efforts to comply with the State's procedural rule, but

argues that he should not be held to the same standard as a practicing attorney.

Billard's objections to the magistrate judge's report and recommendation that the claims

of illegal search and seizure and violations of <u>Batson</u> are overruled.  Billard has not overcome

the procedural bar by demonstrating cause and prejudice or a fundamental miscarriage of justice;

therefore, federal review of these claims is not available.

**B.  Defective bill of information**

Billard alleges in his petition that the bill of information is defective because it failed to

charge him with a crime that he committed.  Specifically, he alleges that the facts do not support

the charge in the second count because David Chryssoverges, the victim, gave a statement to the

police which establishes that he was never threatened and nothing was taken from his person.

Defense counsel raised this issue on direct appeal, and the Louisiana Court of Appeal affirmed

the trial court's denial of the motion to quash count two of the bill of information.

The magistrate judge concluded that Billard's challenge to the inclusion of the second

count in the bill of information is not a proper issue for federal habeas corpus review.  "The

sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be

shown that the indictment is so defective that the convicting court had no jurisdiction."

<u>Alexander v. McCotter</u>, 775 F.2d 595, 598 (5th Cir. 1985).  The Louisiana Court of Appeal held

that Billard did not raise an appropriate issue as to the sufficiency of the bill of information, but

only suggested that he was not guilty of the second count.  The magistrate judge concluded that

the state court's decision was not contrary to or did not involve an unreasonable application of Supreme Court precedent; therefore, Billard is not entitled to federal habeas corpus relief on this claim.  See Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000).

In his objection, Billard challenges the sufficiency of the evidence against him to support a conviction on count two.  He does not address the magistrate judge's reasoning or application of the law as to the sufficiency of the bill of information in informing him of the charges against him or enabling him to prepare his defense.  Accordingly, the issue is not properly before the court on habeas corpus review, and his objection is overruled.

## C.  Use of false or perjured testimony

Billard alleges in his petition that the State knowingly presented false testimony or allowed perjured testimony by the victims, David Chryssoverges and Gregory Smith.  Billard raised this argument on direct appeal in a challenge to the sufficiency of the evidence at trial. The Louisiana Court of Appeal held that the testimony at trial was challenged on cross-examination and that any conflict in the evidence constituted a credibility determination to be made by the jury.

The magistrate judge concluded that Billard did not offer support for his allegations that the witness statements were false, that the State knew that victims would testify as they did, and that the testimony affected the jury's decision in violation of due process.  Further, defense counsel brought out the alleged inconsistencies during her cross-examination of each victim. Counsel questioned Chryssoverges about the difference between his statements to the police and his testimony at an earlier hearing.  Chryssoverges admitted that his statement and testimony

5

were inconsistent, but explained that the statement had been given hastily and that he had had

time to reflect on the details as to what actually happened.  Chryssoverges admitted to the jury

that he saw only Smith and Billard's female codefendant, even though he told police that he saw

two people in the van with Smith.  Counsel also cross-examined Smith about the different

descriptions of the weapons used during the robbery and presented a copy of Smith's police

statement.  Counsel called into question the reliability of Smith's in-court identification because

earlier he had been unable to identify the black male perpetrator from a photograph.

Billard objects to the magistrate judge's recommendation, asserting that it was error to

conclude that Ballard presented no evidence to support his claim.  Billard reurges his argument

that the trial testimony differed from the witness statements to the police on the night of the

robbery and contends that the violation was not cured by counsel's cross-examination and the

jury deliberations concerning the credibility of the witnesses.

The court concludes that the Louisiana Court of Appeal applied the correct governing

legal principles and reasonably applied the facts to Billard's case.  Billard has not demonstrated

that the witnesses gave false testimony, which the prosecutor knew to be false.  The jury

weighed the discrepancies to determine the credibility of the witnesses and returned a verdict of

guilty.  Billard's objection to the magistrate judge's report and recommendation is overruled.

## D.  Ineffective assistance of counsel

Billard alleges that he was deprived of effective assistance of counsel in several respects.

He objects to the magistrate judge's report and recommendation on two grounds:  counsel failed

properly to argue the motion to quash the second count; and counsel failed to interview and call

6

witnesses, specifically Danny Petal, the motel manager.

### 1. The motion to quash

The magistrate judge concluded that there was no error of law in the Louisiana Court of Appeal's holding that the motion to quash did not challenge procedural failings in the bill of information, but raised factual questions of innocence or guilt.  The magistrate judge stated that the motion to quash was not proper under Louisiana law, and Billard failed to establish any prejudice because the motion to quash did not prevent him from developing and presenting a defense to the charge in count two.  Further, Billard does not show that there was any other deficiency in the bill of information that counsel could have raised.

Billard does not frame his objection in terms of an error of fact or law in the report and recommendation of the magistrate judge or the opinion of the Louisiana Court of Appeal.  His conclusory statement that counsel failed to assert the insufficiency of the bill of information is inadequate to support the objection to the magistrate judge's recommendation, and the objection is overruled.

### 2.  Uncalled witness

Billard contends that the magistrate judge erred in concluding that counsel's failure to call Patel to testify was neither deficient nor prejudicial.  Detective Rozeirio Camel testified that he spoke with Patel and obtained the names of two people, who stayed in the Mississippi motel under different names, and recovered their belongings, which were stored in a garage.  The magistrate judge determined  that counsel cross-examined Detective Camel and used her best efforts to show that Detective Camel could not link the items and guns found at the hotel to

Billard.  If counsel had called Patel, he may have confirmed Detective Camel's testimony and possibly identified Billard as the man he stayed at the motel under a different name.  The magistrate judge concluded that the tactical decision not to call a witness who could offer no assistance to the defense did not constitute ineffective assistance of counsel.

Billard's objection does not address counsel's failure to call Patel, but directs the argument to the illegal search and seizure of his belongings.  Billard has not shown that the denial of habeas corpus relief on this issue is contrary to or an unreasonable application of the law, and his objection is overruled.

### III. CONCLUSION

The court has considered the complaint, the record, the applicable law, the report and recommendation of the magistrate judge, and Thomas Billard's objections to the magistrate judge's report and recommendation.

**IT IS HEREBY ORDERED** that the objections to the magistrate judge's report and recommendation are overruled, and the report and recommendation of the magistrate judge is approved and adopted as the court's opinion consistent with the clarifications in this order.

New Orleans, Louisiana, this __7th__ day of December, 2006.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**